UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――x

**24 CV 855**

UNITED STATES and NEW YORK, ex rel. JAHA C. SMITH

                   PLAINTIFF,

                                                                          COMPLAINT

            -against-

                                                                            JURY TRIAL

EMPIRE CITY LABS, SOUTH MANHATTAN 369,
MS. HARRIS, JOHN DOE I, JOHN DOE II, and
DR. DONALD WALLERSON, M.D.

                   DEFENDANTS.
―――――――――――――――――――――――x

## I. NATURE OF ACTION

On September 27, 2023, while walking east on 149th Street in Bronx County, NY near 369 E149th Street, I was approached by an individual, Ms. Harris who was handing out flyers that headlined, *inter alia,* "SUPPORTIVE HOUSING & EMPLOYMENT OPPORTUNITIES…Opportunities for individuals of low income, free career training opportunities." The flyer also stated "PLEASE BRING PHOTO ID & HEALTH INSURANCE." I was told by her that if I had those documents on me (ID and health insurance card), to go in the building and down the stairs lower level in 369 East 149th Street and I will get supportive housing and employment opportunities. Ms. Harris said they were about to start within a few minutes. I had my id and insurance card on me; I went down to the lower level at 369 East 149th Street to seek about the housing and employment opportunities. While there, I realized that the flyers were given out to induce low-income individuals to believe they were signing up for housing and employment opportunities with their photo ID and insurance card and defendants telling

1

them to come and let the doctor and staff there perform a physical examination on us to see a housing or an employment counselor; no one never ever asked any of us why were we there.

Upon information and belief defendants fraudulently make claims for Medicaid and Medicare claims on individuals as they did on me; and never asked me or others why were we there as me; nothing was further said about housing and employment opportunities defendants were to offer after them handing us back our documents. I bring this action under The False Claims Act, 31 U.S.C. § 3729(A)(1)(a), charging that defendants violated the false claims act by submitting a claim for approval for payment for a claim that came about by defendants by inducing me and others to come inside the lower level of 369 E. 149th Street to see about supportive housing opportunities and career training programs; but to end up being examined by defendant John Doe I who performed a transthoracic echocardiogram and defendant John Doe II who performed taking my vitals, an EKG and blood pressures in my legs and ankles; without written consent or given informed consent to examine me.

## II. JURISDICTION

1. Jurisdiction in this action is founded on 28 U.S.C. §§ 1331 and 1367 supplemental jurisdiction to hear and adjudicate claims arising under state law.

## III. THE PARTIES

2. Plaintiff Jaha C. Smith is a natural person and a citizen of the United States and a beneficiary of Medicare.

3. Defendant Empire City Labs conducts business in the City of New York and is located at 369 East 149th Street, Lower Level, Bronx, NY 10455.

4. Defendant South Manhattan 369 is the registered agent of 369 South Manhattan Corp. a New York domestic Business Corporation, and is located at 369 East 149th Street, Lower Level, Bronx, NY 10455.

5. Defendant Donald Wallerson, M.D. is a licensed medical physician (cardiovascular disease) in the state of New York, whose office is located at 2310 Eastchester Road, Bronx, NY 10469.

## IV. STATEMENT OF CLAIMS

6. On September 27, 2023, at approximately 9:40 a.m. I was on 149th Street in the Bronx in front Tannen school office and educational and supply store at 363 E.149th Street in Bronx, NY and I was approached by a lady who held herself out to be Ms. Harris. She was handing out flyers to people passing by entitled "SUPPORTIVE HOUSING & EMPLOYMENT OPPORTUNITIES" on one side of the flyer, and "FREE CAREER TRAINING OPPORTUNITES" on the other side of the flyer.* (See copy of flyer annexed hereto.)

7. Ms. Harris stated to me she was providing rent assistance and job opportunities for low-income people and that you only needed to have your photo ID and health insurance card on you for the services that was being offered downstairs inside of 369 East 149th Street, Bronx, NY 10455.

8. Ms. Harris also told me that they were about to begin shortly at 10;00 a.m. and for me to go downstairs and wait with others until then.

9. I went downstairs to see what the job opportunities and rent assistance were all about, and waited with others for the door to open.

---

* Copy of flyer I received from Ms. Harris. Her copy was printed front and back.

10. By 10 a.m. we all went inside to sign our names on a sheet of paper at the desk counter and was told to take a seat.

11. While we were seated Ms. Harris announced a few times out loud for us to get out our photo IDs and insurance card; she yelled take out your health first cards.

12. When my name was called I went to the receptionist desk; gave them my driver's license and Wellcare membership card for my insurance to them; and was told told to go back and sit down as were everyone else told the same thing by defendants for the establishments there, and that we will be called shortly; no one asked us why we were there.

13. I was called. up to the receptionist desk, was given back my credentials that defendants made copies of and placed their copy in a folder they had opened on me.

14. I was given a clip board with the first page being a form to fill out for my name, address; and I was told by Ms. Harris to sign my name at the bottom; and she pointed to the bottom of each additional pages on the clip board for me to sign my name.

15. There were approximately 4 other pages on the clip board that and had nothing written on them above the place for my signature; I signed them.

16. While seated, an African-American male worker at Defendants business told us as a group that we would be called to take a physical before we see other counselors and if we already had a physical in the last 6 months just let the doctor know.

17. I was called into a room by defendant John Doe I, a male Island foreigner, black, approximately 5'9", age 34-42. He told me that before I can see anyone he had to examine my heart and circulation in my neck; and he told me to take off my shirt and undershirt off so he can test my heart and the circulation in my neck.

4

18. Defendant John Doe I told me to lie down on a black thin cushioned table that had a white sheet of wide paper on it and he began touching and rubbing my chest and neck area with a cold gel as he ran a ball over those areas of my body; they were connected to a computer; he moved the ball over my heart area and then sides of my neck areas as he recoded and entered data on the computer;

19. I asked him if he was a doctor; he answered no that he was a technician; I asked who was to give the results, he said the doctor will and for me to have a seat back in the waiting area which was right out the door to the room I was in.

20. I was called into another room by Defendant John Doe II, a black male "foreigner" approximately 6'2", age 30-45, who stated me that he was the doctor and he had to take my blood pressure and do an EKG on me and check the pressure in my legs.

21. Defendant John Doe II told me to take off my shirt and shoes and for me to get on the scale; he took my weight and blood pressure.

22. Defendant John Doe II told me to lay back on the same type of table as in the other room; he placed passive electrodes all over my naked skin as he too was recording data with a computer.

23. As I laid back on the table, I asked if he was a doctor; he said responded yes; I then asked to see his credentials because there was no posting of anything on the walls in the room; he moved down to my ankles and replied "after I do this right quick."

24. He placed something that felt like a blood pressure sleeve with a Velcro fastening around my legs and ankles; he then seemed to pump pressure around my calf and ankles, then slowly released air pressure while reading the readings; I remember it

5

being very difficult for me to see what he was actually doing to me because I was laying on my back; I felt frightened and violated like I was being used in an experiment.

25. He left the sticky pads on my body after he disconnected the electrodes; I had to remove the adhesives myself from my body because he said he was going to leave them there and for me to take a shower later when I get home; there was no mirror in the room so I had him to verbally tell me where the adhesives were on my body as I pulled them off myself.

26. Defendant John Doe 11 went on his cell phone and showed me a picture of himself dressed in cap and gown with a woman in the picture which appeared to have be taken at a school's graduation; he said that was his ID of being a doctor; I responded that does not state you're a doctor; he replied he got his license in Cuba and that he don't speak the language good so he don't understand what I was saying.

27. As I was getting ready to leave the room, Defendant John Doe II wanted me to sign a he had a consent for the examinations that he had done on me;

28. I did not sign the form and defendants did not had consent to touch me and they did not give informed consent to me concerning their examinations.

29. Upon information and belief, there we no counselors on the premises at 369 East 149 Street, lower level, Bronx, NY for housing and/or career opportunities when I was there.

30. Upon information and belief Dr. Donald Wallerson is a doctor who is in the network with defendants.

31. Upon information and belief, Defendant Dr. Donald Wallerson

6

did present a claim to my insurance carrier, Wellcare, for medicare payment that was approved for the Transthoracic Echocardiagram (pictures from inside my heart) for him to read.

32. Upon information and belief, there were no claims with my insurance for the EKG and blood pressure exam to my legs because I did not sign a consent form after the examinations; however, someone did call me from Empire City Labs about a week later asking me to come back in to see their doctor for anxiety; I responded I only went there to see about the housing and career opportunities; the caller stated: "Oh, we do that too so when are you coming back in to see the doctor; I then asked are there test results from the examinations that I had; she said they will email them to me; I gave her my email address then we both ended the call; I never received an email from defendants.

33. As a result of Defendant Dr. Donald Wallerson's claim to Wellcare, I filed a grievance with Wellcare stating that Defendant's claim was based on fraud.

34. I did speak to Defendant Dr. Donald Wallerson about how it came about that he filed a claim for payment from my insurance; he stated to me that my primary care doctor referred me to 369 East 149th Street and that I should ask them.

35. I then made a verbal claim to Wellcare alleging Medicare fraud by the defendants.

36. A Wellcare investigator wrote me that there was no finding of fraud because Dr. Donald Wallerson stated to him that on September 27, 2023, I went to 369 East 149th Street, lower level, Bronx, NY 10455 complaining about being dizzy.

37. As a result of that information, the matter was closed by Wellcare.

38. I never complained to Defendants about being dizzy and my visit at defendants' premises was not based on a referral.

I. PLAINTIFF'S FIRST CLAIM FOR RELIEF: FRAUD IN THE INDUCEMENT BY DEFENDANTS FOR MEDICAID/MEDICARE PAYMENTS

39. The matters set forth in paragraphs 1 through 37 are hereby repeated

40. Pursuant to The False Claims Act, 31 U.S.C. § 3729(A)(1)(a), the defendants committed fraud by defendant Dr. Donald Wallerson filing a claim through my insurance carrier Wellcare for payment on a misrepresentation that I came to defendants' establishment from complaining of dizziness.

41. Defendants knew the claim was false and defendants disregarded the truth as to how why I came there and defendants disregarded the material conditions for payment not complying with relevant statutes, regulations, or contract requirements.

II. PLAINTIFF'S SECOND CLAIM FOR RELIEF: BATTERY UPON MY PERSON

42. The matters set forth in paragraphs 1 through 41 are hereby repeated.

43. The defendants did not have my written consent to touch my person and to examine me.

44. The defendants did not have informed consent to touch my person and to examine me.

45. Defendants' conduct was deliberate, egregious and wanton to me.

III. PLAINTIFF'S THIRD CAUSE OF ACTION

46. The matters set forth in paragraphs 1 through 45 are hereby repeated.

8

47. As a result of defendants' action, I have suffered being violated to my person; felt used as a guinea pig being used in an experiment by defendants.

48. I now suffer pain in my neck when I turn my head.

WHEREFORE, Plaintiff demands judgment as follows:

a) Judgment against defendants for Plaintiff's First Claim for violating the False Claims Act, pursuant to 31 U.S.C. §§ 3729(a)(1), 3729(b) at an amount to be determined by the court;

b) Judgment against defendants to Plaintiff's Second Claim for Battery to my person at an amount to be determined by the court:

c) Judgement against defendants for Plaintiff's Third Cause of Action for $50,000;

d) Judgment against defendants for punitive damages on Plaintiff's First and Second Claims;

e) Judgment for reasonable attorney fees;

f) costs, and disbursement and such other and further relief the Court may deem just and proper.

Dated: New York, NY
February 6, 2024

_____
JAHA C. SMITH, Esq; 1212
PRO SE
P.O. Box 628
New York, NY 10037
(646) 584-0479

# SUPPORTIVE HOUSING & EMPLOYMENT OPPORTUNITIES



212-603-9855
Ms. Harris




## Opportunities for individuals of low income

Supportive Housing Qualifications:
- LOW INCOME
- CHRONIC ILLNESS (MEDICAL CONDITIONS)
- DEPRESSION/ANXIETY
- HOMELESSNESS PREVENTTION
- SMI (SERIOUS MENTAL ILLNESS)
- RENT ARREARS ASSISSTANCE

OUR OBEJECTIVE IS TO HELP THE COMMUNITY THRIVE PROVIDING THEM WITH BENEFICIAL RESOURCES FOR QUALIFYING APPLICANTS.

369 EAST 149TH ST BRONX NY 10455
-LOWER LEVEL-
OPEN: MON-FRI 10AM-4PM

PLEASE BRING PHOTO ID & HEALTH INSURANCE

MS. THOMAS
(718) 500-3334

# FREE CAREER TRAINING OPPORTUNITIES

*Ms Harris* *[handwritten]*

- SECURITY GUARD
- OSHA 30-HOUR CONSTRUCTION
- MEDICAL ASSISSTANT
- HOME HEALTH AID
- PATIENT CARE TECHNICIAN
- DIRECT SUPPORT PROFESSIONAL
- MEDICAL BILLING AND CODING
- TOURISM AND HOSPITALITY OPERATIONS
- OFFICE ADMINISTRATIVE PROFESSIONAL
- MAINTENANCE
- WAREHOUSE
- HOUSEKEEPING

HAVE A FAMILY MEMBER YOU WOULD LIKE TO GET PAID TO TAKE CARE OF?

-SUBSTANCES ABUSE SUPPORT- MEDICAL MARIJUANNA CARD- IF YOU'VE GOTTEN A PHYSICAL IN THE LAST SIX MONTHS, PLEASE BRING IT IN.

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X


UNITED STATES and NEW YORK, ex rel. JAHA C. SMITH

                     PLAINTIFF,

            -against-

EMPIRE CITY LABS, SOUTH MANHATTAN 369,
MS. HARRIS, JOHN DOE I, JOHN DOE II, and
DR. DONALD WALLERSON,

                     DEFENDANTS.
_____X

VERFICATION

STATE OF NEW YORK   )
                        ) SS:
COUNTY OF NEW YORK  )


I. Jaha C Smith, being duly sworn, deposed, says:

I am the Plaintiff named in the above-entitled action, and have read the Complaint and know the contents thereof. That the Complaint is true to my knowledge, except as to matters alleged on information and belief, and that as to those matters, I believe them to be true.

                                                _____
                                                Jaha C Smith
                                                2/6/2024

Sworn to before me on this
   day of February, 2024

_____
Notary Public
UNITED STATES DISTRICT COURT

10

SOUTHERN DISTICT OF NEW YORK

24 CV

---

UNITED STATES and NEW YORK, ex rel. JAHA C SMITH

                              Plaintiff,

    -against-

EMPIRE CITY LABS, SOUTH MANHATTAN 268, MS. HARRIS, JOHN DOE I, AND JOHN DOE II, and DR. DONNALD WALLERSON, M.D.,

                              Defendants.

---

## COMPLAINT

---

**Jaha C. Smith.**
Plaintiff Pro Se
P.O. Box 628
New York, NY 10037
(646) 584-0479

---

To:

Attorney(s) for

---

Service of a copy of the within                               is hereby admitted.

Dated:                                                  -----------------------------------------------
                                                              Attorney(s) for

---

**PLEASE TAKE NOTICE**

☐       That the within is a (certified) true copy of a
**NOTICE OF**     entered in the office of the clerk of the within named Court on              20
**ENTRY**

☐       that an Order of which the within is a true copy will be presented for settlement to the Hon.
**NOTICE OF**                                                 one of the judges of the within named Court,
**SETTLEMENT**    at
                  on             20      , at            M.

Dated:                           JAHA C. SMIH.
                                 Plaintiff Pro Se
                                 P.O. Box 628
                                 New York, NY 10037
                                 (646) 584-0479

To: