UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES EX REL. JAHA C. SMITH,

                        Plaintiff,

-against-

EMPIRE CITY LABS et al.,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/2024

24-CV-00855 (MMG)

**ORDER OF DISMISSAL**

MARGARET M. GARNETT, United States District Judge:

       The *pro se* Plaintiff has brought this *qui tam* action, asserting claims for fraud in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729, and for battery under state law. *See* Complaint, Dkt. No. 1 ("Compl.") ¶¶ 39–48. Despite clear direction from the Court and ample opportunity, the Plaintiff has failed to comply with the procedural requirements of the FCA, including, *inter alia*, failing to serve the Government in accordance with the procedural requirements set out in 31 U.S.C. § 3730(b)(2). For the reasons that follow, this action is *sua sponte* dismissed.

## FALSE CLAIMS ACT CLAIM

       Pursuant to 31 U.S.C. § 3730(b)(1), a private person (known as a relator) may bring a civil action on behalf of the Government for violating the FCA. The statute provides, in part, as follows:

> A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4[i] of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

31 U.S.C. § 3730(b)(2).

       The Plaintiff[1] commenced this action against the Defendants by filing the complaint on February 6, 2024, and she included a claim for violation of the FCA, 31 U.S.C. § 3729(a)(1)(A). *See* Compl. ¶¶ 39–41. In spite of the requirements of the FCA, nothing in her filing papers indicated to the Clerk of Court that the complaint should be filed under seal.

       The case was initially assigned to a different judge in this court, who, on February 12, 2024, scheduled an Initial Pretrial Conference. *See* Dkt. No. 6. The case was subsequently reassigned to the undersigned, who, on February 26, 2024, ordered that the case be sealed in its

---

[1] Although ordinarily relators may not appear *pro se*, as discussed below Plaintiff is herself a lawyer and is permitted to represent herself as a relator.

entirety, *see* Dkt. No. 7, as required by the FCA.  *See* 31 U.S.C. § 3730(b)(2).

On February 27, 2024, the Court emailed the Plaintiff informing her that the case had been sealed in its entirety, informing her that she should **not** serve the Defendants until further order of the Court, and reminding her that she must serve the Government in accordance with 31 U.S.C. § 3730(b)(2).  The Court used the email address that the Plaintiff had provided on the docket, but the email was returned as undeliverable.  On the same day, the Court forwarded the same email to the Plaintiff using the email address associated with the Plaintiff's bar admission record in the Southern District of New York.

On March 22, 2024, contrary to the FCA and the Court's instructions, the Plaintiff filed on the docket proof of service of the summons and complaint upon the Defendants.  *See* Dkt. No. 9.

On May 16, 2024, the Court issued an Order stating that the Plaintiff had failed to file proof of service upon the Government of a copy of the complaint and "written disclosure of substantially all material evidence and information the [Plaintiff] possesses" in accordance with 31 U.S.C. § 3730(b)(2) and Rule 4 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 10.  The Court expressly warned the Plaintiff that if she failed to file proof of such service upon the Government by May 29, 2024, "the Court will dismiss the case for abandonment or failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."  *Id*.  The Court directed the Clerk of Court to mail and email a copy of the Order to the Plaintiff.  *Id.*

As of the date of this Order, the Plaintiff has failed to file proof of service upon the Government.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss *sua sponte* a plaintiff's action with prejudice because of his or her failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966) (per curiam) ("Under [Rule 41(b) of the Federal Rules of Civil Procedure] and the inherent power of a court to dismiss for failure to prosecute, a district judge may, sua sponte, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of a judge's discretion.").

Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004).  In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to [prosecute], (2) whether plaintiff was on notice that [further delay] would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996); *see also Drake*, 375 F.3d at 254.

In this case, first, the Plaintiff commenced the action on February 6, 2024, and four months have passed.  Despite the clear requirements of the FCA, the Plaintiff has failed to serve the Government.  The Plaintiff's four-month period of inaction weighs in favor of dismissal.

Second, the Court reminded the Plaintiff on February 27, 2024, of her obligation to serve the Government (and not to serve the Defendants), and the Plaintiff failed to do the thing she was directed to do and instead did the thing she was directed not to do. The Court issued an Order on May 16, 2024, expressly placing the Plaintiff on notice that failure to serve the Government by May 29, 2024, would result in dismissal of the case pursuant to Rule 41(b) for failure to prosecute. *See* Dkt. No. 10. As of the date of this Order, the Plaintiff has still failed to file proof of service upon the Government and has not contacted the Court in any way to seek an extension or explain her failure to comply with the requirements of the FCA.

Third, the Defendants and the Government are both prejudiced from the delay. Despite the clear requirements of the FCA, which protect the secrecy of *qui tam* actions brought under the statute, *see* 31 U.S.C. § 3730(b)(2), and despite the Court's February 27, 2024, email instructing the Plaintiff not to serve the Defendants, the Plaintiff served the Defendants. *See* Dkt. No. 9. However, pursuant to the statute, the case is sealed, and the Defendants—despite having access to the complaint, which was served upon them by the Plaintiff—are unable to defend the action or to ascertain the status of the case in any way, or even to know *who* will prosecute the action: the Government or the Plaintiff. *See generally United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 999 (2d Cir. 1995) (where the relators failed to serve the Government, the defendants "were placed in the position of having to answer a complaint without knowing who would prosecute the action"). There is no end in sight to the Plaintiff's delay. Separately, the Government—which has not been served—is prejudiced because it was not able to investigate, determine whether the complaint would interfere with any ongoing investigation, or determine whether to intervene before the Plaintiff served the Defendants. *See generally id.* at 998–99 (articulating that the 60-day sealing period is intended to allow the Government to fully evaluate the suit and determine whether to take over the action).

Fourth, the Court has a strong interest in managing its docket and cannot wait indefinitely for the Plaintiff to turn her attention to this case. The Plaintiff has been reminded of her obligations on two occasions, and she has expressly been warned that failure to serve the Government would result in dismissal of the case. Thus, the balancing of interests favors dismissal.

Fifth, the Court finds that in light of the ongoing prejudice to the Defendants (and to the Government), no sanction other than dismissal is adequate.

In light of the Plaintiff's apparent total unwillingness to comply with the Court's Orders and the requirements of the FCA, and the inability of the Court or of any party to proceed in this case unless and until the Plaintiff serves the Government, dismissal of the case is warranted.

The Court acknowledges that district courts should be hesitant to dismiss cases for procedural deficiencies where the failure is by a *pro se* litigant. *See Lucas*, 84 F.3d at 535. But *qui tam* actions under the FCA typically cannot be brought by *pro se* litigants because individuals who are not licensed attorneys cannot appear on another's behalf, and FCA relators bring actions in the name of the Government. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92–94 (2d Cir. 2008). Here, the record indicates that the Plaintiff is an attorney, *see* Compl. at 9 (including "Esq." after the *pro se* Plaintiff's name), and the Plaintiff is admitted in this District. Although the Plaintiff is *pro se*, she was only able to move forward as a relator in this case because she is an attorney. *Cf. Chailla v. Navient Dep't of Educ.*, 791 F. App'x 226, 229 (2d Cir. 2019) (summary order) (affirming dismissal of an FCA action where the

*pro se* relator did not obtain counsel and "[t]he record lack[ed] any indication that [the plaintiff was] an attorney admitted to the practice of law"); *United States ex rel. Ashmore v. CGI Grp., Inc.*, No. 15-cv-04277 (RL), 2020 WL 1862611, at *1–2 (S.D.N.Y. Apr. 14, 2020) (where the plaintiff would soon graduate from law school but did not yet meet the qualifications to practice law, he could not proceed *pro se* in a *qui tam* action). Thus, the Plaintiff's *pro se* status does not counsel in her favor here. But even if it did, the circumstances would still warrant dismissal.

Adherence to the requirements of the FCA is crucial, and "failure to follow these rules incurably frustrates the statutory purposes underlying these requirements, and warrants dismissal with prejudice." *Eeon v. Fed. Rsrv. Bd.*, No. 17-cv-06611, 2018 WL 10050314, at *1 (S.D.N.Y. Apr. 4, 2018) (internal marks omitted) (citing *Pilon*, 60 F.3d at 999). The Second Circuit has held that where a relator failed to file a *qui tam* complaint under seal and to serve the United States, the circumstances warranted dismissal *with* prejudice, and that the district court's dismissal of the complaint without prejudice was an abuse of discretion. *Pilon*, 60 F.3d at 1000; *see also United States ex rel. Le Blanc v. ITT Indus., Inc.*, 492 F. Supp. 2d 303, 307–08 (S.D.N.Y. 2007).

Accordingly, Plaintiff's conduct in failing to file the action under seal, failing to serve the Government, and serving the Defendants warrants dismissal of the Plaintiff's *qui tam* claim with prejudice. Additionally, because more than 60 days have passed since the filing of the complaint—and considering that the Plaintiff has already served the complaint upon the Defendants—the case may now be unsealed. *See Chailla*, 791 F. App'x at 229 ("[T]he FCA does not require that [the] filings remain under seal.").

## STATE LAW CLAIMS

"[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In addition to the FCA claim, the Plaintiff also brought state law claims for battery and for "being violated [to] her person." Compl. ¶¶ 42–48. The Plaintiff asserted that this Court has supplemental jurisdiction to hear those claims pursuant to 28 U.S.C. § 1367. *Id.* ¶ 1.

Under Section 1367, a district court "may decline to exercise supplemental jurisdiction over [a pendent state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 123 (2d Cir. 2006) (reversing a district court decision to retain supplemental jurisdiction over state law claims after dismissal of the federal claims, citing "the absence of a clearly articulated federal interest"); *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

Applying this standard here, given that the Court is dismissing the Plaintiff's *qui tam* FCA claim, the Court declines to exercise supplemental jurisdiction over the remaining state law

claims. There is no clear federal interest remaining, and given that the Court has yet to even hold an initial conference, little (if any) economy is generated or convenience is saved by exercising supplemental jurisdiction. *See, e.g.*, *Xiamin Zeng v. Augustin*, No. 17-cv-09988 (JMF), 2019 WL 1284274, at *2 (S.D.N.Y. Mar. 20, 2019) (declining to exercise supplemental jurisdiction partly due to "the relatively early stage of the case"); *Smith v. Bronx Cmty. Coll. Ass'n*, No. 16-cv-03779 (JMF), 2017 WL 727546, at *2 (S.D.N.Y. Feb. 23, 2017) (same).

Accordingly, the Court declines to exercise supplemental jurisdiction over the Plaintiff's remaining state law claims, which are dismissed without prejudice.

## CONCLUSION

For all of the reasons stated above, it is hereby ORDERED that this case is dismissed in its entirety. The Plaintiff's *qui tam* claim under the FCA is dismissed with prejudice for failure to prosecute, and the Plaintiff's state law claims are dismissed without prejudice.

The Clerk of Court is directed to UNSEAL and CLOSE the case. Additionally, the Clerk of Court is directed to email and mail a copy of this Order to the Plaintiff.

Dated: June 11, 2024
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge